UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
       v.                                    :     **MEMORANDUM & ORDER**
                                             :     17-CR-546-2 (WFK)
AFOLABI AJELERO,                             :
                                             :
              Defendant.                     :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 4, 2019, Afolabi Ajelero ("Defendant") was convicted by a jury of Counts 37, 42, and 43 of the Superseding Indictment, charging him with one count of Conspiracy to Commit Aggravated Identity Theft, in violation of 18 U.S.C. § 371, and two counts of Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2). The Court now sentences Defendant, providing a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to a total of 60 months of custody, consisting of 60 months on Count 37 and 36 months on Counts 42 and 43, to run concurrently, followed by two years of supervised release with special conditions, consisting of two years on Count 37 and one year on Counts 42 and 43, to run concurrently. Defendant is also ordered to pay restitution in the amount of $45,869.32 on Count 37, $1,463.00 on Count 42, and $907.00 on Count 43, and a $300.00 mandatory special assessment.

## BACKGROUND

On November 9, 2018, the Government filed a 43-count Superseding Indictment against Defendant and co-defendants Hakeem Bamgbala and Michael Campbell, alleging the defendants engaged in a scheme to defraud the Internal Revenue Service ("IRS") by submitting materially false tax returns to the IRS to collect tax refunds. *See generally*, Superseding Indictment, ECF No. 35. The Superseding Indictment charges Defendant with: (1) Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 1–18); (2) Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Counts 19–36 and 38–41); (3) Conspiracy to Commit Aggravated Identity Theft, in violation of 18 U.S.C. § 371 (Count 37); and (4) Aiding and Assisting in the Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206(2) (Counts 42 and 43). *Id*.

1

On March 4, 2019, following a six-day trial, Defendant was convicted by a jury of one count of Conspiracy to Commit Aggravated Identity Theft, in violation of 18 U.S.C. § 371 (Count 37), and two counts of Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2) (Counts 42 and 43). Jury Verdict, ECF No. 80. The jury returned a verdict of not guilty on Counts 3, 4, 7, 10, 11, 12, 13, 14, 15, 18, 21, 22, 25, 28, 29, 30, 31, 32, 33, 36, 39, and 41. *Id*. All other counts were dismissed on the Government's motion. *See* March 1, 2019 Minute Entry.

## DISCUSSION

The Court now sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, No. 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to

2

consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The History and Characteristics of the Defendant and the Nature and Circumstances of the Offense

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

1. <u>Family and Personal Background</u>

Defendant was born on August 19, 1964 in Lagos, Nigeria, to Nasir deen Kudelndo and Ayoola Ajelero. *See* Presentence Investigation Report ("PSR") ¶ 48, ECF No. 93. Defendant's parents are deceased. *Id*. Defendant has two full siblings, one is married with one child, is employed as a systems engineer, and resides in Philadelphia, Pennsylvania; the other is employed as a registered nurse and resides in London, England. PSR ¶ 49. Defendant also has several paternal and maternal half-siblings, who reside in Nigeria. *Id*. Defendant was raised by his parents and his father's two other wives in a middle-class household in Nigeria and reported no abuse in his childhood. *Id*. ¶ 50.

Defendant has two adult sons, both of whom reside with Defendant. *Id*. ¶ 51. Defendant's sons are aware of his conviction and remain supportive of him. *Id*. The mother of Defendant's children passed away in October of 2020. Def. Mem. Ex. 1, ECF No. 107.

Defendant moved from Nigeria to Brooklyn, New York in 1993, and has resided at his current address with his children since 1994. PSR ¶ 53. He became a naturalized citizen of the United States in 2004. *Id*. ¶ 52.

2. <u>Educational and Employment History</u>

Defendant obtained the equivalent of a bachelor's degree in mechanical engineering from the University of Ife in Lagos, Nigeria in 1989, and obtained a computer networking certification from Nouvall Engineering Services in 1998.  *Id.* ¶¶ 58–59.

From March 2019 to March 2020, and from September 2020 to the present, Defendant has been employed as a ride share driver for Via Ride Share.  *Id.* ¶¶ 61, 63.  Defendant was unemployed from March 2020 to August of 2020.  *Id.* ¶ 61.  From March 1996 to March 2019, Defendant owned and operated Mo-Betta Ventures, Inc., which is the subject of the instant offense.  *Id.* ¶ 64.  From 1995 to 1997, Defendant was employed as a cab driver throughout Brooklyn, New York.  *Id.* ¶ 65.  From 1993 to 1994, Defendant was employed cleaning businesses throughout Brooklyn, New York.  *Id.*  From 1990 to 1992, Defendant was employed as a site engineer for a friend's business in Nigeria, and throughout his childhood and adolescence, Defendant helped his mother transport dinnerware and tableware to the local markets in Nigeria.  *Id.* ¶ 66.

3. Prior Convictions

Defendant has no prior convictions.

4. Medical and Mental Health

Defendant suffers from hepatitis B and an enlarged prostate.  *Id.* ¶ 55.  He reported no history of emotional or mental health issues.  *Id.* ¶ 56.

5. Substance Abuse

Defendant reported no history of substance use or alcohol abuse.  *Id.* ¶ 57.

6. Nature and Circumstances of the Offense

Individuals are required by federal law to declare their federally taxable personal income on a Form 1040, issued by the Internal Revenue Service (IRS). *Id*. ¶ 6. Tax preparation businesses are assigned an Electronic Filing Identification Number (EFIN), and tax preparers are assigned a Preparer Tax Identification Number (PTIN). *Id*. An Electronic Return Originator (ERO) is an authorized IRS e-file provider who originates the electronic submission of a return to the IRS. *Id*. ¶ 7.

Defendant owned and operated Mo-Betta Ventures, Inc., a New York State corporation with various business purposes, including tax preparation and transportation services. *Id*. ¶ 8. Together with co-defendant Hakeem Bamgbala, Defendant also operated Kaybamz, Inc., a tax preparation business, as an ERO. *Id*.

Between 2009 and 2015, Defendant and co-defendant Bamgbala obtained the personal identifying information of at least 125 taxpayers they had never met, which they used to prepare and file false forms with the IRS and to print and negotiate refund transfer checks. *Id*. ¶¶ 9–13. Defendant and Bamgbala used Defendant's EFIN and PTIN to electronically sign and submit the fraudulent tax forms, which were filed by Kaybamz, Inc. *Id*. Throughout the conspiracy, Defendant sent copies of fraudulently signed documents and identification cards, including driver's licenses. to Refund Advantage, an ERO, and added false information to the tax return forms filed. *Id*. ¶ 11. Defendant continued to assist in preparing false and fraudulent tax returns even after receiving a letter from the IRS in 2014 which notified him the IRS would revoke his EFIN should he continue to file false and fraudulent tax returns. *Id*. ¶ 12.

Defendant also assisted Bamgbala in preparing false 2014 and 2015 corporate tax returns on behalf of Mo-Betta Ventures, Inc. *Id*. ¶¶ 17–20. In 2014, Defendant falsely claimed approximately 50% of the business' gross receipts were spent on fuel, and included an IRS Form

5

1099-OID from JPMorgan Chase for $62,0000 in cancellation of debt income, payable to Defendant, which he failed to report on the company's corporate tax return or on his individual income tax return for 2014 or any other year. *Id.* ¶ 18. In 2015, Defendant again reported false gas expenses on the corporate tax returns for Mo-Betta Ventures, Inc. *Id.* Defendant paid a total of $10,272.00 less in income tax between 2009 and 2017 than he would have had to pay absent the false credits claimed. *Id.* ¶ 20.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence recognizes the seriousness of the Defendant's offense, which involved the use of the personal identifying information of taxpayers to defraud the United States. The Court's sentence will deter others from engaging in similar acts and justly punishes Defendant for his offenses.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant was convicted by a jury of one count of Conspiracy to Commit Aggravated Identity Theft, in violation of 18 U.S.C. § 371, and two counts of Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2). For Conspiracy to

6

Commit Aggravated Identity Theft, Defendant faces a maximum term of imprisonment of five years, and a maximum term of supervised release of three years. 18 U.S.C. § 371; 18 U.S.C. § 3583(b)(2). For Aiding and Assisting in the Preparation of a False Tax Return, Defendant faces a maximum term of imprisonment of three years for each count, and a maximum term of supervised release of one year for each count. 26 U.S.C. § 7206(2); 18 U.S.C. § 3583(b)(3). Pursuant to 18 U.S.C. § 3624(e), multiple terms of supervised release shall run concurrently.

A term of not less than one nor more than five years of probation may be imposed as to each of Defendant's three counts, because Conspiracy to Commit Aggravated Identity Theft is a Class D felony, and Aiding and Assisting in the Preparation of a False Tax Return is a Class E felony. 18 U.S.C. § 3561(c)(1). If probation is imposed, a fine, restitution, or community service must also be imposed as a condition of probation unless the Court finds extraordinary circumstances exist making such a condition plainly unreasonable. 18 U.S.C. § 3563(a)(2).

Defendant also faces a maximum fine of $250,000.00 as to each count under 18 U.S.C. § 3571(b). Probation notes Defendant does not appear to be able to pay a fine. PSR ¶ 70.

D. **The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense**

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The applicable guideline for 18 U.S.C. § 371 offenses is U.S.S.G. § 2X1.1(a), which defines the base offense level as the "base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." The applicable Guideline for the substantive offense,

Aggravated Identity Theft, is U.S.S.G. § 2B1.6, which states "the guideline sentence is the term of imprisonment required by statute." The applicable statute for Aggravated Identity Theft is 18 U.S.C. § 1028A, which sets forth a sentence of "a term of imprisonment of two years." Therefore, the Guidelines sentence for Count 37 is two years of imprisonment.

The applicable guideline for 26 U.S.C. § 7206(2) offenses is U.S.S.G. § 2T1.4, which provides a base offense level corresponding to the tax loss amount, determined using the Tax Table at U.S.S.G. § 2T4.1.

Defendant's tax loss amount in this case is $1,509,292.00, which is the sum of the refunds fraudulently claimed on tax returns filed by Kaybamz using Defendant's EFIN, which results in a base offense level of 22. A two-level increase is warranted pursuant to U.S.S.G. § 2T1.4(b)(1)(B) which provides for such an increase if the defendant was "in the business of preparing or assisting in the preparation of tax returns." The adjusted offense level is therefore 24.

Counts 42 and 43 are grouped pursuant to U.S.S.G. § 3D1.2(d), because the offense level is determined largely on the basis of the total amount of harm or loss. Count 37 is not grouped, pursuant to Application Note 3 to U.S.S.G. § 2B1.6. The grouping of Counts 42 and 43 results in a single unit for purposes of U.S.S.G. § 3D1.4, and therefore the combined offense level is the offense level applicable to the group with the highest offense level. The combined offense level is therefore 24.

The Defendant has no prior convictions, which results in a criminal history score of zero. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of zero establishes a criminal history category of I.

Based upon a total offense level of 24 and a criminal history category of I, the Guidelines imprisonment range for Counts 42 and 43, Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. §7206(2), is 51 to 63 months.

Probation recommends a sentence of a total of 60 months of incarceration followed by two years of supervised release with special conditions. This recommendation consists of a sentence of 60 months of incarceration for Count 37, and 36 months of incarceration for each of Counts 42 and 43, with all terms of incarceration to run concurrently. Probation also recommends two years of supervised release for Count 37 and one year of supervised release for each of Counts 42 and 43, also to run concurrently. The Government recommends a sentence of 51 to 63 months of incarceration. Both Probation and the Government recommend the imposition of restitution in the total amount of $48,239.32. Defense counsel recommends a sentence of probation and for restitution to be "moderate," if imposed, and urges the Court to allow for an extended time for payment.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), does not apply here.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Pursuant to 18 U.S.C. § 3663A, restitution in the total amount of $45,869.32 shall be ordered in this case as to Count 37. With respect to Counts 42 and 43, restitution is not mandatory; however, following *United States v. Bok*, 156 F.3d 157 (2d Cir. 1998), the Court may impose, as a special condition of supervised release, the requirement that the defendant make restitution, which in this case would total $1,463.00 and $907.00, respectively. *See* 18 U.S.C. §§ 3583(d), 3563(b), 3556.

## CONCLUSION

The Court finds that a sentence of 60 months of custody followed by two years of supervised release with special conditions on Count 37 for Conspiracy to Commit Aggravated Identity Theft, and 36 months of custody followed by one year of supervised release with special conditions on Counts 42 and 43 for Aiding and Assisting in the Preparation of a False Tax Return, is appropriate. The terms of imprisonment shall run concurrently, for a total term of incarceration of 60 months. The terms of supervised release shall also run concurrently, for a total term of supervised release of two years. The Court orders mandatory restitution in the amount of $45,869.32 on Count 37, and as a special condition of the one-year term of supervised release imposed on Counts 42 and 43, the Court additionally requires Defendant to pay $1,463.00 and $907.00 $2,370.00 in restitution. *See* Order of Restitution, ECF No. 111. The Court also imposes a $300.00 mandatory special assessment but does not impose a fine because the Defendant does not have the ability to pay.

This sentence is consistent with and is sufficient but not greater than necessary to accomplish the purposes of § 3553. The Court also expressly adopts the factual findings of the

10

Presentence Investigation Report and any addenda thereto, barring any errors contained therein and to the extent they are not inconsistent with the Court's sentence.

**SO ORDERED.**

**s/ WFK**

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2022
 Brooklyn, New York

11